FILED

**NOT FOR PUBLICATION**

FEB 18 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ANGELA C. AGUILAR, | No. 19-70397 |
| Petitioner, | BRB No. 18-0327 |
| v. | |
| NAVY EXCHANGE SERVICE COMMAND; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, | MEMORANDUM[*] |
| Respondents. | |

On Petition for Review of an Order of the
Benefits Review Board

Submitted February 4, 2020[**]
Honolulu, Hawaii

Before: FARRIS, McKEOWN, and BADE, Circuit Judges.

Petitioner Angela Aguilar seeks review of the Benefits Review Board's

order denying reconsideration of an Administrative Law Judge's attorney's fees

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

award. We review the ALJ's selection of a geographic area as the "relevant community" in calculating attorney's fees for abuse of discretion, and we do not overturn that selection if it is "adequately justified and supported by substantial evidence." *Shirrod v. Director, OWCP*, 809 F.3d 1082, 1087, 1088 n.5 (9th Cir. 2015) (citing *Christensen v. Stevedoring Servs. of Am.*, 557 F.3d 1049, 1055 (9th Cir. 2009)). We deny the petition for review.

An attorney's hourly rate is calculated based on prevailing market rates in the relevant community. *Id.* at 1086 (quoting *Christensen*, 557 F.3d at 1053). In *Shirrod*, we explicitly declined to impose a bright line rule defining the relevant community in Longshore Act cases, leaving it instead to the ALJ and Board to determine the relevant community on an individualized basis. 809 F.3d at 1088 n.5. That decision shall stand "as long as [it] is adequately justified and supported by substantial evidence." *Id.*

Here, the hearing took place in Honolulu at Aguilar's request. Aguilar lived in Hawai'i, worked there, was injured on the job there, and received medical treatment there. Her counsel's website indicates that he maintains an office in

Honolulu. It was not error to consider Hawai'i to be the relevant community when calculating attorney's fees.[1]

Even if the ALJ erred by raising her concerns regarding the relevant community for the calculation of attorney's fees without notice, we may overturn that decision "only if it reasonably can be concluded that absent such error there would have been a contrary result." *Haw. Stevedores, Inc. v. Ogawa*, 608 F.3d 642, 648 (9th Cir. 2010). It is unreasonable to conclude that with notice and the opportunity to respond, the ultimate fee award would have been different.

The ALJ did not err by denying Aguilar's request for costs. NEXCOM objected to Aguilar's lack of documentation regarding costs. Aguilar had one year and eight months to respond to that objection, and she did not. There is no requirement that an ALJ give notice that some documentation of requested costs is necessary. The award was reasonable and supported by substantial evidence.

**DENIED.**

---

[1] Aguilar fails to persuade the court that other competent counsel was unavailable for this case in Hawai'i. *See Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992).

3